IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**CHRISTIE WARD YOUNGBLOOD**                                                       **PLAINTIFF**

**v.**                                  **4:06CV01583-WRW**

**LONA HORN MCCASTLAIN, INDIVIDUALLY
AND IN HER OFFICIAL CAPACITY AS
PROSECUTING ATTORNEY FOR LONOKE
COUNTY, ARKANSAS,** *et al.*                                                       **DEFENDANTS**

## ORDER

Pending are Defendants' Motions for Summary Judgment (Doc. No. 23, 35). Plaintiff responded (Doc. No. 31) only to Defendant McCastlain's Motion, and Defendant McCastlain replied (Doc. No. 34). For the reasons set out below, Defendants' Motions are GRANTED.

### I. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[1] The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[2]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should only be granted when the movant has established a right to the

---

[1] *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.

[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

judgment beyond controversy.[3] Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[4] I must view the facts in the light most favorable to the party opposing the motion.[5] The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*,"[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.[6]

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[7]

## II. BACKGROUND

Plaintiff was a passenger in a car that was stopped by Defendant Officer Faircloth on the evening of October 9, 2004.[8] Defendant Faircloth asked Plaintiff for identification, and initially told Plaintiff she was free to go.[9] Plaintiff then sat in Defendant Faircloth's heated patrol car

---

[3]*Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[4]*Id.* at 728.

[5]*Id.* at 727-28.

[6]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[7]*Anderson*, 477 U.S. at 248.

[8]Doc. No. 37, Ex. 1.

[9]*Id.*

while waiting for a ride.[10] While Plaintiff was waiting for a ride, Defendant Faircloth was instructed by dispatch that Plaintiff should be taken into custody.[11] Defendant Faircloth then told Plaintiff "I have to take you in as well."[12]

After Defendant Faircloth told Plaintiff that she was free to go, but before dispatch told Defendant Faircloth to take Plaintiff into custody, dispatch called Defendant McCastlain, Prosecuting Attorney for Lonoke County, Arkansas.[13] Dispatch explained to Defendant McCastlain that "Matt Faircloth's out with a Christie Ward[14] . . . When I give this data over the radio the scanner went crazy . . . ."[15] Dispatch told Defendant McCastlain that a warrant out of Hot Springs for Plaintiff's arrest was found showing active "in our computer," but that the warrant did not "show up in ACIC."[16] Dispatch attempted to contact Hot Springs to verify if the warrant was still valid, but was unsuccessful.[17] Defendant McCastlain found in paperwork she had at home two affidavits for warrant of arrest of Christie Ward; she told dispatch that no

---

[10]*Id*.

[11]*Id*.

[12]*Id*.

[13]Doc. No. 31, Ex. B.

[14]Plaintiff later changed her last name to Youngblood. Doc. No. 37, Ex. 1.

[15]Doc. No. 31, Ex. B. Plaintiff allegedly had been in the news in connection with being paid for doing work, but never actually doing the work. *Id*. Eventually Plaintiff pled guilty to charges of theft of property stemming from she and her husband accepting payment for work on a pool without completing the work. Doc. No. 37, Ex. 1.

[16]*Id*.

[17]*Id*.

warrant had been issued yet.[18]  Dispatch and Defendant McCastlain then discussed placing Plaintiff in "investigative hold" until Tuesday morning[19] so Defendant McCastlain could get warrants based on the affidavits of warrants for arrest.[20] After speaking with Defendant McCastlain, dispatch then told Defendant Faircloth to take Plaintiff into custody.[21]

## III. DISCUSSION

### A. Defendant Lonoke County, Arkansas

A municipality can be found liable under 42 U.S.C. § 1983 only when the municipality caused the injury through a municipal custom or policy that violated federal law.[22] Plaintiff produced no evidence of a municipal policy or custom. Because Plaintiff provided no evidence of an unconstitutional municipal policy or custom, Plaintiff's claims against Lonoke County fail.

### B. Defendant Jim Roberson

A defendant cannot be held vicariously liable when his subordinate violates an individual's constitutional rights.[23]  "A supervisor may be held vicariously liable under § 1983 if he directly participates in the constitutional violation or if he fails to train or supervise the

---

[18]*Id.*

[19]Plaintiff was arrested on the night of Saturday, October 9, 2004. Monday, October 11, 2004, was a legal holiday -- Columbus Day. Doc. No. 37, Ex. 1.

[20]Doc. No. 31, Ex. B.

[21]Doc. No. 37, Ex. 1.

[22]See *Szabla v. City of Brooklyn*, 486 F.3d 385, 389-91 (8th Cir. 2007) (discussing *City of Canton v. Harris*, 489 U.S. 378 (1989) and Eighth Circuit precedent in connection with municipal liability).

[23]See *City of Canton v. Harris*, 489 U.S.378, 385 (1989).

4

subordinate who caused the violation."[24] The record contains no evidence that Defendant Roberson participated in, ordered, or condoned Plaintiff's arrest. The record also contains no evidence that Defendant Roberson failed to train or supervise Defendant Faircloth. Because Plaintiff offered no evidence that Defendant Roberson was involved in her arrest, or any evidence in connection with Defendant Roberson's failure to train, Plaintiff can not succeed in her claims against Defendant Roberson.

### C. Defendants McCastlain[25] and Faircloth

Plaintiff alleges that she was arrested without probable cause in violation of the Fourth, Eighth,[26] and Fourteenth Amendments.[27] Defendants McCastlain and Faircloth assert that a body attachment warrant and affidavits for warrant of arrest provided probable cause for Plaintiff's arrest.

#### 1. The Felony Affidavits - Warrantless Arrest

There are two threshold issues in connection with the theft of property allegations against

---

[24]*Brockington v. City of Sherwood*, 503 F.3d 667, 674 (8th Cir. 2007) (citing *Tilson v. Forrest City Police Dep't.*, 28 F.3d 802, 806 (8th Cir. 1994)).

[25]Plaintiff's claims against Defendant McCastlain in her official capacity fail because Defendant McCastlain is an official of the State of Arkansas, and Arkansas has not waived sovereign immunity. See *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996); *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991). A state's Eleventh Amendment immunity bars a 42 U.S.C. § 1983 suit against the states and the state's officials in their official capacity. See *Kentucky v Graham*, 473 U.S. 159, 169 (1985).

[26]Because Plaintiff was a pretrial detainee at the time of the alleged violations, her claims are not analyzed under the Eighth Amendment, but under the Fourteenth Amendment. See *Kahle v. Leonard*, 477 F.3d 544, 550 (8th Cir. 2007). "Pretrial detainees are entitled to the same protection under the Fourteenth Amendment as imprisoned convicts receive under the Eighth Amendment." *Id*. (citing *Butler v. Fletcher*, 465 F.3d 340, 345 (8th Cir. 2006)).

[27]Doc. No. 1.

Plaintiff. First, Plaintiff ultimately pled guilty to theft of property.[28] "A guilty plea forecloses a section 1983 claim for arrest without probable cause."[29] The record shows that Plaintiff was arrested on October 9, 2004, in connection with both the affidavits for warrant of arrest for theft of property, and a body attachment warrant out of Garland County.[30] Because a guilty plea forecloses a 42 U.S.C. § 1983 claim for arrest without probable cause, Plaintiff's claims in this case fail as a matter of law. Second, while Plaintiff's Complaint does not argue this point, Plaintiff's deposition suggests she feels that she was pressured into pleading guilty.[31] The United States Supreme Court has barred civil claims if a judgment in the plaintiff's favor would imply the invalidity of a conviction or sentence.[32] I cannot consider a section 1983 claim where a finding in plaintiff's favor would imply the invalidity of a guilty plea.

Beyond the two threshold issues, Plaintiff's claims fail because Defendants had probable cause to arrest her. A warrantless arrest without probable cause violates an individual's rights under the Fourth and Fourteenth Amendments.[33] Probable cause to arrest an individual without a warrant "exits when the facts and circumstances within the collective knowledge of the officers and of which they have reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been committed by the

---

[28]Doc. No. 37, Ex. 1, pg. 37.

[29]*Williams v. Schario*, 93 F.3d 527, 528-29 (8th Cir. 1996).

[30]Doc. No. 31, Ex. B.

[31]Doc. No. 37, Ex. 1, pp. 89-90.

[32]*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

[33]See *Walker v. City of Pine Bluff*, 414 F.3d 989, 992 (8th Cir. 2005) (citation omitted).

person to be arrested."[34] "Probable cause is evaluated by the courts from collective information of police and not merely on the personal knowledge of the officer making the decision."[35] Under Arkansas law, an officer may arrest an individual without a warrant if the officer has reasonable cause to believe that individual committed a felony, among other reasons.[36]

Defendant McCastlain had in her possession on the night of October 9, 2004, affidavits for warrant of arrest for Christie Lyann Ward[37] for theft of property, a class C felony.[38] The affidavits were signed by Lonoke County Circuit Judge Lance Hanshaw.[39] When dispatch called Defendant McCastlain that night, she had the affidavits for Plaintiffs arrest.[40] Defendant McCastlain then told dispatch that she had Plaintiff's paperwork "right here."[41] Defendant McCastlain had probable cause to believe Plaintiff had committed a felony, despite the fact that she had not yet filed a warrant, and was thus authorized by Arkansas Rule of Criminal Procedure 4.1 in ordering Plaintiff's detention. There was probable cause when Plaintiff was arrested; Defendant McCastlain did not violate Plaintiff's constitutional rights.

---

[34]*Friend v. State*, 315 Ark. 143, 147 (1993).

[35]*Perez v. State*, 260 Ark. 438, 446 (1976).

[36]Ark. R. Crim. P. 4.1.

[37]Plaintiff later changed her last name to Youngblood. Doc. No. 37, Ex. 1.

[38]Doc. No. 34, Ex. 1.

[39]*Id.*

[40]Doc. No. 31, Ex. A.

[41]*Id.*

Defendant McCastlain directed dispatch to detain Plaintiff on an "investigative hold."[42] Because probable cause is evaluated based on collective knowledge, Defendant Faircloth had probable cause to arrest Plaintiff - - Defendant Faircloth arrested Plaintiff after being instructed to do so by dispatch, who had communicated with Defendant McCastlain.[43] While sitting in Defendant Faircloth's patrol car, Plaintiff even overheard the dispatcher "say something to the effect of the prosecutor has requested that Miss Ward be brought in."[44] Because Defendant Faircloth had probable cause to arrest Plaintiff, he did not violate her constitutional rights.

When asked during deposition why she filed this lawsuit, Plaintiff stated that part of the reason was that "no one would tell [her] why [she] was being held."[45] The Sixth Amendment gives the accused a right "to be informed of the nature and cause of the accusation."[46] However, the Sixth Amendment does not protect an accused until the government starts prosecution.[47] Prosecution commences with a formal charge, preliminary hearing, indictment, information, or arraignment.[48] The record shows that the government had not started prosecution in connection with the theft of property charges.[49] Thus, Plaintiff did not have a right under the Sixth Amendment to know why she was arrested.

---

[42]Doc. No. 31, Ex. B.

[43]Doc. No. 32, Ex. 1. pg. 23.

[44]*Id.*

[45]Doc. No. 37, Ex. 1, pg. 16.

[46]U.S. Const. Amend. VI.

[47]See *Kirby v. Illinois*, 406 U.S. 682, 689 (1973).

[48]*Id.*

[49]Doc. No. 24, Ex. 2. The Information accusing Plaintiff of theft of property was filed in the Lonoke County, Arkansas, Circuit Court on November 12, 2004. *Id.*

The Fourth Amendment protects against unreasonable search and seizure.[50] The safeguards of the Fourth Amendment are satisfied when the arresting officer had probable cause to make the arrest.[51] The Fourth Amendment does not create an obligation for law enforcement officials to explain the reason for an arrest.[52] While "the police would do well to inform arrested persons of the charges against them, the Fourth Amendment does not require the police to do so."[53]

Another reason Plaintiff gave for filing this lawsuit was that she was held against her will for about 21 hours for no reason. An individual arrested without a warrant can be held in custody for only a short time without a "neutral determination of probable cause."[54] Arkansas Rule of Civil Procedure 4.1(d) provides that individuals arrested without a warrant cannot be held in custody for more than forty-eight hours from the time of arrest, unless a judicial officer determines "that there is reasonable cause to believe that the person has committed an offense."[55] The forty-eight hour period may be exceeded if the prosecuting attorney can show that an "extraordinary circumstance" justified the delay.[56]

---

[50]U.S. Const. Amend. IV.

[51]*Williams v. Schario*, 93 F.3d 527, 529 (8th Cir. 1996) (citing *Kladis v. Brezek*, 823 F.2d 1014, 1018 (7th Cir. 1987) (no Fourth or Sixth Amendment right to be informed of reason for arrest; Fourth Amendment satisfied if arrest based on probable cause, no Sixth Amendment right until government commits to prosecute)).

[52]*Id.*

[53]See *Kladis v. Brezek*, 823 F.2d 1014, 1018 (7th Cir. 1987).

[54]*Gerstein v. Pugh*, 420 U.S. 103, 114 (1975).

[55]Ark. R. Crim. P. 4.1(e).

[56]*Id.*

Plaintiff was arrested on October 9, 2004 -- the Saturday of the Columbus Day Holiday weekend; the following Monday, October 11, 2004, was a holiday. Plaintiff's detention was originally ordered for seventy-two hours because of the holiday, which was a reasonable circumstance to extend the statutory forty-eight hour holding period. Plaintiff was held for about twenty-one hours, then released. Plaintiff's detention violated neither Rule 4.1(e), nor Plaintiff's constitutional rights.

### 2. The Body Attachment Warrant

Under Arkansas law, an officer may arrest an individual when the officer has a warrant for arrest.[57] The officer is not required to have the arrest warrant in his possession at the time of the arrest.[58]

In addition the two affidavits for warrant of Plaintiff's arrest Defendant McCastlain had in her possession, dispatch found on in-house computers a body attachment warrant issued for Plaintiff out of Hot Springs, Garland County, Arkansas.[59] The record shows that dispatch unsuccessfully attempted to call Hot Springs to verify that the warrant was still outstanding.[60] The record further shows that Defendant McCastlain and dispatch discussed holding Plaintiff in custody until Garland County could either take Plaintiff into its custody, or verify that the warrant was no longer valid.[61] Neither Plaintiff McCastlain nor Defendant Faircloth violated

---

[57] Ark. Code Ann. § 16-81-105 (2007), Ark. R. Crim. P. 4.2 (2007).

[58] Ark. R. Crim. P. 4.3 (2007).

[59] Doc. No. 31, Ex. B.

[60] *Id.*

[61] *Id.*

Plaintiff's constitutional rights by detaining her while trying to determine if the body attachment warrant was still valid.

Because Plaintiff's constitutional rights were not violated, I need not address qualified immunity.

**IV. CONCLUSION**

Defendants did not violate Plaintiff's constitutional rights. Accordingly, Defendant's Motion is GRANTED, and this case is DISMISSED with prejudice.

IT IS SO ORDERED 14th day of January, 2008.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE